## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2017, 10:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicholas A. Siler
West Baden Springs, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Paul Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 12, 2017<br><br>Court of Appeals Case No.<br>51A04-1606-CR-1420<br><br>Appeal from the Martin Circuit Court<br><br>The Honorable Lynne E. Ellis, Judge<br><br>Trial Court Cause No.<br>51C01-1507-F5-111 |

**Altice, Judge.**

## Case Summary

[1] John Paul Jones pled guilty to dealing in methamphetamine, a Level 5 felony, and was sentenced to four years in prison with one year suspended to probation. On appeal, Jones challenges his sentence in two respects: 1) Jones contends that the trial court abused its sentencing discretion and 2) he claims his sentence is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] On July 20, 2015, the State charged Jones with Level 5 felony dealing in methamphetamine (Count I), Level 6 felony maintaining a common nuisance (Count II), Level 6 felony possession of methamphetamine (Count III), Level 6 felony possession of chemical reagents or precursors with intent to manufacture a controlled substance (Count IV), and Class C misdemeanor possession of paraphernalia (Count V). After entering into a plea agreement with the State, Jones pled guilty to Count I. In exchange, the State dismissed the remaining charges and agreed to a sentencing cap of four years in prison. The trial court accepted the plea agreement on December 1, 2015. Shortly thereafter, a presentence investigation report (PSI) was filed with the trial court.

[4] After several delays occasioned by Jones, including a change of counsel, Jones reaffirmed his guilty plea at a hearing on May 2, 2016. The trial court then directed Jones to review the previously filed PSI with his new counsel to determine if he wanted to make any additions or changes. In this regard, the court noted that it would like "a better idea as it relates to sentencing because

[the PSI] was kind of a no answer PSI." *Transcript* at 45. An amended PSI was filed on May 13, 2016. Although he made some modifications, Jones continued to report that he had never used illegal drugs and that he was set up by a cousin with respect to the instant offense.

At the sentencing hearing on May 16, 2016, Jones testified that everything in the amended PSI was correct. On cross examination, however, he admitted that he had a problem with methamphetamine use and that he had previously lied to the probation officer in this regard. Still Jones downplayed his use of the drug, testifying that he used methamphetamine only about thirteen times over a two-year period. Additionally, on re-direct, Jones acknowledged that even though he believed he was set up, he did engage in the illegal activity. At the conclusion of the sentencing hearing, defense counsel asked that the court impose a two-year sentence followed by probation, with a recommendation of purposeful incarceration.

The trial court imposed a four-year prison sentence with one year suspended to probation. The court also entered a recommendation of purposeful incarceration. Jones appeals from the sentence imposed. Additional facts will be provided below as needed.

## Discussion & Decision

### 1. Abuse of Discretion

[7] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 490 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because trial courts are no longer obligated to weigh aggravating and mitigating factors when imposing a sentence, a trial court cannot be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491.

[8] Jones's first argument heading asserts that the trial court "abused its discretion in issuing the maximum sentence under the terms of the plea agreement, albeit with one year suspended, and was not commensurate with the offense and the Defendant's criminal history." *Appellant's Brief* at 9. The totality of his argument follows:

> While the Court took into a account [sic] a light prior criminal record as a mitigating circumstance, it improperly balanced that out against that he did not have a stable home if was [sic] released and did not know the names of persons who could

provide him with a residence. However, he gave the name "Pee Wee Jacob Tussey," as a person from whom he may be able to secure housing, near the river in Shoals.

*Id.*

[9] We find his brief argument difficult to decipher. To the extent Jones is asserting that the trial court weighed the factors improperly, this argument is not available on appeal. *See Anglemyer*, 868 N.E.2d at 491.

[10] Jones might also be arguing that the court's finding regarding his housing instability is not supported by the evidence. On the contrary, the record amply supports a finding that Jones had made no plans for housing upon his release to probation. Other than his co-defendant son, Jones reported having no friends and no contact with family members. He had been determined to be ineligible for the community corrections program due to his lack of employment and housing. Although he claimed at the sentencing hearing to have two available housing options, his testimony made clear that he had not established any arrangements with these individuals. He simply planned to talk with one of them upon his release. Jones has failed to establish an abuse of discretion.

## 2. Appropriateness

[11] Jones next argues that his sentence is inappropriate in light of his character and the nature of his offense. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a

sentence imposed by the trial court. *Alvies v. State*, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing *Anglemyer*, 868 N.E.2d at 491). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer*, 868 N.E.2d at 491. Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). "The principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the

sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[13] To assess the appropriateness of a sentence, we look first to the statutory range established for the classification of the relevant offense. A Level 5 felony has a sentencing range of one to six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6. Jones received a four-year sentence with one of those years suspended to probation. Thus, his sentence was not far from the advisory sentence.

[14] With respect to the nature of the offense, Jones simply asserts that he had "a 'one pot' methamphetamine manufacture in his residence." *Appellant's Brief* at 10. But there was more. The probable cause affidavit attached to the PSI reveals that in addition to the lab, police found multiple precursors throughout the mobile home, as well as two smoking devices and aluminum foil with burnt residue. Further, Jones's co-defendant was his own adult son. Although Jones pled guilty, he continued to complain that he was set up by his cousin. He also obtained a favorable sentencing cap in exchange for his plea, as well as dismissal of several additional counts.

[15] Turning to Jones's character, we find significant – as did the trial court – his denial of ever using illegal drugs until he finally admitted such use when questioned by the State. Even then, he only acknowledged using methamphetamine thirteen times in the two years leading up to his arrest. Under the circumstances, his recent claim of wanting help with his drug

problem rings hollow. Additionally, at the age of fifty-three, Jones lacks employment and stable housing and has no relationship with his siblings, his grandchildren, or four of his five children – the exception being his co-defendant son with whom he was living at the time of the offense. On a positive note, we do recognize Jones's limited criminal history.

[16] Jones has not shown that his four-year sentence with one year suspended to probation is inappropriate. We, therefore, affirm the sentence imposed.

[17] Judgment affirmed.

Kirsch, J. and Mathias, J., concur.